STANSELL *v.* THE GEORGIA LOAN AND TRUST COMPANY.

1. Under the decision of this court in the case of *Jackson* v. *American Mortgage Company of Scotland, Limited,* 88 *Ga.* 756, the notes sued on in this case, considered in connection with the deed given to secure the same, the other documents in evidence and all the facts proved, were Georgia contracts; and the question whether or not these notes were affected with usury was properly determined with reference to the laws of this State.
2. According to the decision in *Hughes* v. *Griswold,* 82 *Ga.* 299, and in view of the undisputed facts disclosed by the record, the jury were amply warranted in finding that the notes sued upon were free from usury; and the court committed no error in refusing a new trial.

May 13, 1895.  Brought forward from the last term.

Action on notes.   Before Judge HANSELL.   Brooks superior court.   November term, 1893.

S. T. KINGSBERY, BENNET & BENNET, J. G. McCALL and W. C. McCALL, for plaintiff in error.

E. P. S. DENMARK and ANDERSON & ANDERSON, *contra.*

LUMPKIN, Justice.

The Georgia Loan and Trust Company sued Stansell upon two promissory notes, each for $600.00 principal, with interest from their date at the rate of 8 per cent. per annum, payable semi-annually, and due December 1st, 1893.   They stipulated that both principal and interest should be payable at a named bank in New York city, and that if default should be made in the payment

of interest, the principal should at once become due. These notes were made at Quitman, Brooks county, Georgia, and on their face were payable to The Georgia Loan and Trust Company of Americus, Ga. Their payment was secured by a deed to certain land in Brooks county, purporting to have been executed under sections 1969 *et seq.* of the code. Stansell, the maker of the notes, had previously made out a written application, addressed to one Humphreys of Quitman, for the purpose of obtaining a loan of money, and in that application tendered as security for the loan desired the lands embraced in the deed above mentioned. He made default in the payment of interest, and accordingly the action was brought for the entire amount of principal and interest accrued up to the time of filing the declaration.

Although, as already stated, the notes were made payable to the Georgia Loan and Trust Company, it distinctly appeared by the uncontradicted testimony that this company had really no interest whatever in making the loan; did not actually lend the money; and that the notes were made thus payable simply as a matter of convenience in obtaining the loan from other parties; that the money was really loaned by a company in Connecticut, to whom the Georgia Loan and Trust Company indorsed the notes; but after default was made by Stansell, the latter company paid off the actual lender in full, and thus became, for the first time, the real owner of the notes, and therefore brought suit upon them in its own name and right.

There was a verdict for the plaintiff, and the defendant excepted to the overruling of his motion for a new trial. This motion contained numerous grounds, but the case, upon its substantial merits, is controlled by the propositions announced in the head-notes.

1. It will be seen, from the foregoing condensed statement of the facts, that this case is in all material par-

ticulars very similar indeed to that of *Jackson* v. *American Mortgage Company of Scotland, Limited*, 88 *Ga.* 756. In that case it was decided that notes executed and delivered under like circumstances were properly treated as Georgia contracts, and that the question whether or not such notes were infected with usury was rightly determined with reference to the laws of this State. Adhering to the doctrine of that decision, we therefore hold in the present case that the mere fact that the notes upon which Stansell was sued were made payable in the city of New York did not, in view of all the other facts shown, make them New York contracts, and therefore, under the laws of that State, usurious upon their face.

2. In its other elements, the case at bar very closely resembles, and is controlled by, that of *Hughes* v. *Griswold*, 82 *Ga.* 299. In that case the note sued upon was made payable to Tallman, one of the "middlemen" engaged in procuring the loan for Griswold, the borrower. It was there held, that even though the firm of which Tallman was a member advanced its own money in turning over the net proceeds of the loan to the borrower, this fact did not infect the loan with usury, although Tallman's firm received a portion of the commissions paid by the borrower for negotiating the loan, it appearing that the substitution of this firm's money in place of that of the actual lender was only a means of exchange, resorted to for convenience merely. Substantially the same state of facts was shown in the case now before us, by the testimony of Coleman, the treasurer of the Georgia Loan and Trust Company, which was not disputed by any witness.

While there may be evidence in the record sufficient to raise a suspicion of usury in the transaction between this company and the defendant Stansell, yet the jury were amply warranted in finding that the notes sued

upon were entirely free from usury. Indeed, it is exceedingly doubtful if any other finding on this question could have been allowed to stand. Certainly the court committed no error in refusing to grant a new trial.

*Judgment affirmed.*