# SWIFT v. WHITE OAK COAL COMPANY.

PRINCIPAL AND AGENT; EVIDENCE OF AGENCY; SALES.

1. The authority of an agent must in all cases be traced to the principal, and must be established by evidence of the principal's acts or statements. The agent's acts or statements cannot be made use of against the principal until the fact of his agency has first been shown by other evidence.

2. In an action to recover the purchase price of goods ordered by one claiming to be the agent of another, the burden is on the plaintiff to establish the agency, and this cannot be done by evidence of acts of which there is no evidence the defendant had knowledge, or by statements of the alleged agent himself.

No. 2819. Submitted October 15, 1915. Decided November 29, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover the purchase price of goods sold.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appellee, White Oak Coal Company, a Corporation, plaintiff below, sued defendant, Joseph Swift, on the common counts to recover the purchase price of three carloads of coal delivered about December 10, 1911. The jury returned a verdict for plaintiff, and from the judgment thereon appeal was taken.

It appears that defendant had been conducting a sand and gravel business at Benning, in this District, until August 22, 1911, when he sold the business to his son-in-law, William A. Faulkner, and one Randolph, who organized the Benning Sand & Gravel Company, a corporation, which conducted the business as such until the latter part of June, 1912, at which time, Faulkner and Randolph having failed to fulfil their contract of purchase, the property was turned back to defendant. It was during this period, while the Benning Sand & Gravel Company was conducting the business, that the coal was purchased.

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Carl J. F. Graff* and *Mr. F. Edward Mitchell* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended on behalf of plaintiff that Faulkner led plaintiff to believe that he was acting as the agent of defendant, and that the coal was purchased for defendant. The evidence, we think, fails to sustain this contention, but if it had been connected sufficiently with defendant it might be regarded as an issue for the jury. Before this evidence becomes material,

however, it must appear that defendant expressly or impliedly authorized Faulkner to represent him, either in this specific transaction or as his general agent at the time this transaction occurred. The rule is stated in Mechem's Outlines of Agency, secs. 69 and 70, as follows: "But authority will not arise from *mere* presumption. It must be based on facts, for which the principal is responsible, and will not arise from any mere argument as to the convenience, utility, or propriety of its existence. * * * The authority of the agent must in all cases be traced to the principal, and must be established by evidence of his acts or statements. * * * The agent's acts and statements cannot be made use of against the principal until the fact of his agency has first been shown by other evidence."

It is here that plaintiff's case falls. The burden was upon him to establish the express or implied agency of Faulkner. This cannot be done by the mere fact that Faulkner, prior to the sale of the business in August, 1911, was acting as the agent of defendant. There is not only an entire lack of testimony showing any authority in Faulkner to represent defendant, but defendant testified that no such authority existed. The testimony of many witnesses establishes the undisputed fact that defendant, who resided in a foreign state, had nothing whatever to do with the business at the time the transaction here involved occurred. There was some evidence of the corporation having used letterheads and billheads which were left by defendant when he transferred the business; also one instance where the bookkeeper of the corporation signed defendant's name to an inconsequential communication, but there is no evidence that these acts were done with either the consent or knowledge of the defendant. This evidence was in part objected to by counsel for defendant. It was error to admit it until there was some evidence connecting defendant with the transaction. There is not in this record even a presumption upon which to hang Faulkner's agency, and, until such an agency emanating from defendant is established, the statements and representations of the agents of the corporation or the

understanding plaintiff may have derived from them have no force.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                    *Reversed and remanded.*