13179

PURVIS v. COMMERCIAL CASUALTY CO.

(159 S. E., 316)

*Mr. Buford Jackson,* for appellant,

*Mr. Preston B. Thames,* for respondent,

June 15, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

The undisputed facts out of which this action arose are as follows: The defendant company insured Jack W. Purvis, a son of the plaintiff, "for the term of twelve months from the third day of September, 1928, from noon, standard time * * * against loss or disability resulting directly * * * from bodily injuries effected solely through external, violent and accidental means * * * and sustained by the insured while operating, driving, riding in, demonstrating, adjusting

or cranking an automobile, or in consequence of being struck, run down, or run over by, or caused by the burning or explosion of, an automobile. * * *" The policy also provided for an indemnity of $1,000.00, to be paid to the beneficiary, for the death of the insured resulting "from such injury within thirty days from the date of the accident." Mrs. Carrie E. Purvis, plaintiff in this case, was named as beneficiary. The company delivered to the insured, along with the policy, a premium receipt book, containing among other things, notices and directions as to the time and manner of payment of future premiums.

On September 3, 1929, about 5 o'clock in the afternoon, Purvis was fatally injured by a Fordson tractor, which he was driving along a public highway, and which accidentally turned over on him. At the time, the tractor was being used to move a boiler, to which it was attached. The insured died a few hours after the accident. The beneficiary in due time made demand upon the insurer for payment of the indemnity; the company refused to pay; and this action followed.

At the close of plaintiff's testimony, counsel for the defendant made a motion for a nonsuit upon the following grounds: (1) That the testimony conclusively showed that the accident which resulted in the death of the insured occurred some five and one-half hours after the policy had expired by its own terms; and (2) "that the automobile policy does not include tractors under the Act of the Legislature." The motion was denied, whereupon the defendant, without offering testimony, moved for a directed verdict on the same grounds. This motion was also refused, the Court directing a verdict for the plaintiff for $1,000.00.

The appeal presents two questions for consideration: (1) Was the insurance in force at the time of the fatal accident? (2) Is a tractor an automobile within the purview of the policy?

As to the first question: The appellant contends that no liability attached under the policy, for the reason that it expired by its own terms at noon of September 3, 1929, five hours before the accident occurred. The respondent's position is that, as no contention is made that the policy terminated earlier than noon of the day of the accident, under the rule that the law does not take cognizance of fractions of a day, the insurance was in force until midnight of that day.

In *Williamson v. Farrow*, 1 Bailey, 611, 21 Am. Dec., 492, the question presented was whether, where the purchaser of certain real estate, which was sold under order of the Court between the hours of eleven and four on June 4, 1827, was allowed a credit of six months for one moiety and a credit of twelve months for the other, the time should be computed so as to include or exclude the day of sale. The Court pointed out that the intention of the parties should always regulate such computations; and held that the day of sale should be excluded, and further said: "No fractions of a day in this case can be allowed, because the seller had no right which would otherwise be defeated." The application of the rule in this case is in harmony with the following pronouncement in 26 R. C. L., 736: "The general rule that the law knows no fractions of a day is true only *sub modo*, and in a limited sense, where it will promote the right and justice of the case. It is a mere legal fiction, and therefore, like all other legal fictions, is never allowed to operate against right and justice, and there are many decisions which hold that fractions of a day will be taken into account in the computation of time, when, from the nature of the case, justice demands that that be done."

*Matthews v. Continental Casualty Co.*, 78 Ark., 81, 93 S. W., 55, involved a policy similar to the one before us. The insurance was against accidents occurring "within one year from 12 o'clock noon, standard time, of the date of the policy, which was the 11th day of December, 1902." The insured was accidentally injured on December 11, 1903, at

4:30 o'clock in the afternoon. The question there presented by the appeal, the same as here, was whether the policy covered the accident. The Court said: "The parties to the contract of insurance agreed and stipulated when the year should begin. They had the right to fix the time and did so. The contract is valid, and must be enforced according to its terms. The accident did not occur within the year so fixed, and plaintiff cannot recover."

In the case at bar, the parties stipulated in the contract, as was their right, that the insurance should be for a term of twelve months, beginning at noon of September 3, 1928; in view of the fact that the insured was fatally injured a few hours after noon of September 3, 1929, it would be an injustice to the insurer for the Court to hold, nothing else appearing, that the insurance was in force during the whole of that day.

But the respondent contends that, even if she should be in error as to the applicability in the present case of the rule that the law knows no fractions of a day, it is manifest that the parties themselves construed the policy as being of force till midnight of September 3, 1929; the contents of the premium receipt book being relied on to show such construction.

While the receipt book was not attached to the policy, it was, as we have stated, delivered to and accepted by the insured along with the latter, and contained the requirements imposed by the company as to the time of payment of premiums for renewal. The policy provides for its renewal upon payment of the premium in advance; the receipt book contains notice that such premium must be paid on or before September 3, 1929. The policy indicates that it was the clear intent of the parties that the insurance should expire at 12 o'clock noon September 3, 1929. There is nothing in the receipt book to indicate a contrary intention; the notice that the renewal premium must be paid on or before September 3, 1929, merely meaning, in connection with the provisions of the policy, that, if payment should be deferred until that

date, it must be made by 12 o'clock noon. It being conceded that the renewal premium was not paid by or before 12 o'clock noon of September 3, and that the insured received his injuries some hours thereafter, it is clear that the policy was not in force at the time of the fatal accident. This conclusion renders consideration of the second assignment of error unnecessary.

The judgment of the Civil Court of Florence is reversed, and the case remanded, with instructions that judgment be entered up for the defendant under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER concur.