163 So. 461

### AMERICAN NAT. INS. CO. v. HAMMETT.

6 Div. 686.

Court of Appeals of Alabama.

Oct. 8, 1935.

D. G. Ewing and Trawick & Clark, all of Birmingham, for appellee.

SAMFORD, Judge.

On February 16, 1933, plaintiff applied to defendant, through one of its soliciting agents, for a policy of life insurance on the life of her sister Mattie L. Hulgan. The soliciting agent had no authority to issue the policy or to bind the defendant other than as a soliciting agent. The application was sent by the agent to the home office of defendant at Galveston, Tex., and based upon the application the defendant issued and sent to its agent for delivery to plaintiff a policy contract dated March 6, 1933. At the time of taking the applica-tion defendant's agent received from plaintiff a deposit of 10 cents (that being one weekly premium on the policy), and duly accounted for same to defendant. The policy contained the following pertinent conditions or agreements: "In considera-tion of the payment in advance of the pre-mium mentioned in the schedule below on or before each Monday during the con-tinuance of this contract * * * (Weekly premium 10¢) * * *; provid-ed, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." The policy also con-tained the following:

"*Policy when Void.*—This Policy shall be void if any premium shall not be paid ac-cording to the terms hereof, and it is agreed that this provision shall not be considered in any respect waived by any act of grace by the Company in the acceptance of past due premiums upon this or any other Pol-icy. This Policy shall be void if the In-sured is not alive and in sound health on the date hereof; or if any Policy on the life of the Insured hereunder has been previously issued by this Company and is in force, or is issued on the date hereof, unless permission to hold such Policy is granted by endorsement hereon signed by the Secretary. The Company shall not, in the absence of such endorsement, be pre-sumed or held to know of the existence of such prior Policy, and the issuance of this Policy shall not be deemed a waiver of this condition."

The insured, Mattie L. Hulgan, was tak-en sick on March 3d, developed pneumonia, and died on March 10th. So that on March 6th she was unquestionably not in good health, and the policy, under its terms, could not have been rightfully delivered on that date. As matter of fact, the policy was never delivered either to insured or to plaintiff.

So, we have an application dated February 16th, a policy dated March 6th, a deposit of 10 cents for the first weekly premium on the policy when issued, and a valid condition which rendered the policy invalid if on its date the insured was not in good health. Upon this state of facts the defendant was entitled to an instructed verdict, under its plea of the general issue, in short, by consent with leave to give in evidence any matter of defense as if the same had been specially pleaded. Life Ins. Co. of Virginia v. Newell, 223 Ala. 401,

137 So. 16; Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714.

But the contention of the plaintiff is that the policy was issued prior to the illness resulting in the death of insured. Of this fact the only evidence for plaintiff was the testimony of plaintiff that F. H. Ramer, the soliciting agent of defendant, told her on Wednesday before the 3d of March, and prior to the illness of insured, that the policy was in his office and that he would bring it to her. This evidence was duly and legally objected to on the ground that it was hearsay and proper exceptions reserved. Ramer had no authority to bind the defendant by such a statement, and therefore the objections should have been sustained.

But, whether this is so or not, companies issuing insurance policies, as in other contracts, have a right to fix, in the policy, the date of its beginning, and this date may be prior to, at the time of, or subsequent to, its delivery. Mutual Life Insurance Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Anderson v. Mutual Life Insurance Co., 164 Cal. 712, 130 P. 726, Ann. Cas. 1914B, 903.

In the instant case the date fixed and named in the policy is March 6, 1933, and there is no evidence that there was any other date or that other date was contemplated; nor is there any evidence that there was any agreement either expressed or implied that the contract should be in effect earlier.

Even according to plaintiff's own contention, and assuming that such contention was supported by evidence tending to prove its truth, plaintiff could not recover. According to plaintiff's contention, the policy was issued prior to Wednesday of the Friday on which insured became ill. This would have placed the issuance of the policy before March 1st, and, according to the undisputed evidence, these policies always came to defendant's agent in Birmingham on Monday. If the policy came in on that day, then the first premium of 10 cents was due, a deposit of which had already been made; another came due on March 6th, which was not paid, and this, according to the terms of the policy, lapsed the contract, and no obligation rested on the company to pay. 37 Corpus Juris 473 (190)b.

It is insisted by appellant that because there was no physical delivery of the policy to plaintiff or insured that the rule announced in Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762, and other cases from this court and the Supreme Court announcing the rule that proof of the issue and possession of a policy of insurance by the plaintiff, and of the death of the insured and notice thereof to the insurer, makes a prima facie case in favor of plaintiff, and casts on defendant the burden of introducing evidence of defensive matter sufficient to defeat plaintiff's right of recovery. Of course the foregoing principle is based upon the possession or the right to the possession of the policy. If the plaintiff is entitled to the possession of the policy and it is lost or wrongfully withheld, the rule is not changed. 33 Corpus Juris 104 (822); Lee v. Union Central Life Ins. Co. (Ky.) 56 S. W. 724.

However, when the policy is introduced in evidence, the parties are bound by its terms and conditions just as in other contracts with the notable exceptions, that conditions imposed by the terms of the policy must be construed most strongly against the company which drew and issued the policy. 32 Corpus Juris 1147 (257)R.

In the instant case there was no ambiguity. The obligations under the policy were to begin according to its terms and conditions according to its date, which was plainly printed in the face of the policy, with no other date being mentioned or intimated. It could, therefore, make no difference if the policy had been sent by the company and received by its agent prior to its date, or even if the policy had been in the physical possession of plaintiff. Mutual Life Insurance Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

The rulings of the trial court were not in accord with the foregoing views, and for the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.