196 So. 145
**AMERICAN WORKMEN v. HARRIS.**
**6 Div. 475.**

Court of Appeals of Alabama.
March 12, 1940.

Rehearing Denied April 2, 1940.

Lange, Simpson, Brantley & Robinson and W. P. Rutledge, all of Birmingham, for appellant.

Nina Miglionico, of Birmingham, for appellee.

RICE, Judge.

Appellee was the beneficiary under a life insurance policy issued by appellant, a fraternal organization authorized to write insurance in the State of Alabama, to her husband.

. The premiums on this policy were payable on the third day of each month. The insured or his wife, the beneficiary and plaintiff in this cause, paid the premiums as they became due to an agent of the defendant (appellant), who remitted these payments to the Home Office of the defendant in Washington, D. C.; and this Home Office sent the insured, at the same time, a receipt for payments made, with notice of the next premiums being due at a certain date.

The insured's policy was paid up until September 3, 1937, when another premium would have become due.

The insured before this date had received a notice from the Home Office to pay this premium, with that due for the month of October, on or before the third day of October, 1937.

The insured died on September 25, 1937. On the day of his death, and after his death, appellee attempted to pay the premium which would normally have been due on September 3, 1937, actually handing the money for said payment to appellant's agent.

This "attempted payment" was returned to her. And she likewise received from appellant a check for $5.85 with a letter stating that this was a "refund of premiums received on the policy," and that endorsement of the check would constitute a "receipt and release in full."

Appellee endorsed and "cashed" said check.

This suit by appellee against appellant consisted of a complaint in one count in Code form on the policy of insurance referred to above.

The appellant pleaded the "general issue in short by consent."

The case was tried below by the court, sitting without a jury, and resulted in a judgment in favor of appellee.

The rendering of said judgment is the only error assigned.

We do not see the necessity nor the propriety of our saying so very much in disposing of the appeal. The case was ably argued by the counsel for the respective parties, at the bar, upon submission. And those contentions deemed by appellant to have made the rendering of judgment against it erroneous were squarely met and refuted by the argument made by counsel on behalf of appellee. She has followed up and elaborated said oral argument in her brief filed here—with ample citation of apt authority. We will note and discuss briefly the two principal said contentions.

First, it was without dispute that the monthly premium due on September 3, 1937, was not paid at the stated time—in fact was never paid.

For this reason appellant contended and contends that the policy lapsed as of that date—no "grace" being allowed.

But it is likewise without dispute that, prior to September 3, 1937, and while the policy was in full force and effect, appellant notified the insured in writing that he would "be due to pay September and October insurance premium of $3.90 (twice the regular monthly premium, we interpolate) on your (his) policy No. 288763 (the policy here in question) *on or before* October 3rd." (Italics ours.) This operated, clearly, to cause the policy to remain in full force and effect to this date of October 3, 1937; and hence, of course, to be in full force and effect on September 25, 1937 —the date of the insured's death.

We are not impressed with the novel argument advanced by appellant's counsel that, because appellee did, without question, attempt to pay the premium which would normally have been due on said policy on September 3, 1937, on September 25, 1937—the day of insured's death— or that she even "undertook to raise the money" with which to pay said premium on or shortly after September 3, 1937, she thereby "waived" the "extension of time to October 3rd," which had unquestionably been granted insured, within which time he might pay said premium. It is a matter of common knowledge, we take it, that vast numbers of those with life insurance premiums coming due recurrently, strive, even when an extension of time for the payment of any given premium has been obtained, to "get up the money" as soon as possible. This fact, to our minds, indicates nothing save a slight "nervousness" over being behind with their payments. Certainly it does not indicate a "waiver" of any extension of time for the making of the given payment, which may have been regularly procured.

Appellant was well aware that it had—when there was no default—extended the time, as it had the unquestioned right to do, for the payment about to become due on September 3, 1937, to October 3, 1937. And that upon the date of the death of insured, to-wit, September 25, 1937, the policy was in no sense forfeited. Hence it must have known that it was due to make settlement with appellee, beneficiary, by the payment of the full amount of said policy.

Its claim that there was a "dispute" as to the amount due under said policy is therefore without adequate foundation.

For this reason its payment to appellee of the $5.85 "refund of premiums received on said policy" was no more than a partial payment of what it was justly due appellee. And its "receipt and release in full" exacted of appellee upon payment of said amount was based on no "consideration"— as that term applies to the law of contracts—and hence void and of no effect.

The judgment was properly rendered in favor of appellee. And it is affirmed.

Affirmed.