7 So.2d 20

**MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. BRADFORD.**

**6 Div. 989.**

Supreme Court of Alabama.

March 12, 1942.

Smith, Jackson & Rives, of Birmingham, for appellant.

432

Pennington & Tweedy, of Jasper, for appellee.

GARDNER, Chief Justice.

The original complaint consisted of one count seeking recovery of damages for accidental injuries sustained June 7, 1939, under a policy of insurance issued to plaintiff by defendant company. The written application for the policy signed by plaintiff expressly stated he understood the insurance would not be effective until the policy was accepted by the appellant "while in good health and free from injury". As to accidental injury the policy contains a clause to the effect that its term "begins at 12 o'clock noon Standard time, on date of delivery to and acceptance by the insured against accident".

■ Admittedly the policy sued upon was not received and accepted by plaintiff, the insured, until June 12, 1939. The statement in American Nat. Ins. Co. v. Hammett, 26 Ala.App. 552, 163 So. 461, to the effect that insurance companies issuing insurance policies, as in other contracts, have a right to fix, in the policy, the date of its beginning, is, of course, well sustained. 32 C.J. 1091 and 1123, 1124; 20 Amer.Jur. 163; Life Ins. Co. v. Newell, 223 Ala. 401, 137 So. 16.

Plaintiff filed with defendant three separate claims, duly sworn to, bearing dates July 5, July 15 and August 7, 1939. In each claim the cause of the accident concerned a mule and the date of the accident was fixed as of June 16, 1939. But these statements were confessedly false. Plaintiff testified the accident occurred while he was on a steer and the date was not June 16 but June 7, 1939. In explanation of the

first claim plaintiff says the agent Atkins so suggested the date, and that as to the second one Lowery assisted and the third was prepared on typewriter with no explanation.

■ Though all of this may tend strongly to indicate an intention to fix the date of the accident within the period of the effective date of the policy regardless of the true facts, yet that is not a matter of material moment here. By his testimony the date of the accident is fixed as of June 7, 1939 and by the express provisions of the policy this was five days before the effective date of the policy, which under the uncontradicted proof was June 12, 1939.

Thus far it is clear enough no recovery could be had upon the policy contract referred to in the first count of the complaint. But plaintiff argues he is due recovery on this count upon the theory the premium .of $19 which was the "first payment" referred to in the policy and continued it in force until October 1, 1939, was paid and retained by the company until the trial when it was deposited in court by defendant. The argument rests upon the doctrine of waiver or estoppel and we are cited to Washington Nat. Ins. Co. v. Scott, 231 Ala. 131, 164 So. 303.

We have previously noted that in the face of the policy is the express provision that "the terms of this policy begins at 12 o'clock noon * * * on date of delivery to and acceptance by the insured against accident". As to disease the effective date is fixed the "thirty-first day thereafter". And we have likewise also heretofore noted that the application, which is a part of the policy contract, has this provision: "Do you understand and agree that no insurance will be effected until the policy is accepted by you while in good health and free from injury. Yes."

In the Newell case, supra [223 Ala. 401, 137 So. 18], express reference was made to like provisions in a life insurance policy "as of the essence of life insurance", wherein it was observed: "The stipulation that the insured must be in sound health, not suffering from a fatal sickness which renders him or her uninsurable, may be regarded as of the essence of life insurance".

The policy bears date June 7, 1939 when it was forwarded to the state agent from the home office. True the application was of June 1, 1939 and states the premium as "$19.00 first quarter $10.00 after". The policy states that it is issued "in consideration of the statements made by the insured in the application and the payment in advance of Nineteen ($19.00) Dollars as first payment; and the payment in advance, and acceptance by the association of premium of Ten ($10.00) Dollars quarterly thereafter, beginning with Oct. 1st, 1939 is required to keep this policy in continuous effect".

■ Undisputedly the policy was received and accepted by insured June 12, 1939, and that was its effective date. We have noted plaintiff's three claims based upon an accident June 16, 1939. The argument seems to be that because defendant company did not return or offer to return the "first payment" of $19 before trial, upon some theory of estoppel the effective date of the policy should antedate the accident, or that the policy should be held to embrace the accident occurring on June 7th. Reference is made to two letters, one of January 8, 1940, the other of March 6, 1940, written by the attorneys for plaintiff seeking settlement of the claim, in which it was stated the accident occurred on June 7th. But the first and only premium payment carried the policy to October 1, 1939 and no further. There was no reply and we are unable to see where these letters can be said to be of value in this regard. Indeed we find no proof that defendant company in fact knew, during the life of the policy, that the accident did not occur on June 16, 1939, as insured had sworn in his three presented claims.

True the state agent says the claim was investigated by a "concern" not one of defendant's employees, "that makes investigations" for defendant. When that investigation was made or its extent is not made to appear. Nor does it appear that any particular inquiry was made as to the date, that is whether or not insured had sworn falsely as to the date. All of this is left to conjecture. But even assuming defendant learned of the true date during the life period of this policy, we are unable to see that liability could be fastened upon it upon any theory of estoppel. The policy contract was plain and readily understood. Defendant did nothing to mislead, and insured was not misled by reason thereof. It would appear the Scott case, supra, is authority for the proposition that a retention by the defendant company of a premium to continue in force a policy until October 1st after knowledge of an injury ex-

isting at the time of delivery and acceptance of the policy by the insured, would amount to a waiver of that provision that at such time insured must be free from injury. See, also, Shears v. All States Life Ins. Co., ante, p. 249, 5 So.2d 808. In such event the policy continues in force and no return of premium is due. No recovery could, therefore, be had on count 1.

■ Recognizing the difficulty in this regard counsel for plaintiff added counts A and B which are grounded upon an oral contract of insurance. In support of these counts plaintiff places reliance upon statement of the agent Atkins that he had accident insurance immediately upon payment of the $19. But the proof is without dispute that Atkins was a mere soliciting agent and nothing more, and without authority to bind the company by a parol contract to insure.

We have recently considered the question of the authority of a soliciting agent in Liberty Nat. Life Ins. Co. v. Staggs, ante, p. 363, 6 So.2d 432, 433, and to review the question here would be but a repetition. Suffice it to say the opinion in that case serves all purposes here. We there said "such an agent cannot make a binding contract of insurance or to insure". Even the certificate issued by the State Insurance Department authorizing Atkins to act as agent was in substantially the same language as the certificate offered in evidence in the Staggs case, supra, and contained the words "within the authority conferred by the company", as commented upon in that opinion, to the effect that it does not "undertake to prescribe the authority of the agent. But * * * is specific that his authority is that conferred by the company".

Atkins appears to have represented defendant company some months and the state agent, testifying to his lack of authority to make any such oral agreement, said that any agent so doing would be discharged at once. Whether Atkins was so discharged does not appear from the testimony. But it does appear that his association with the defendant company came to an end soon after this matter arose and that when the trial was had he was no longer with the company. The record is silent as to his whereabouts at the time of the trial.

■ Plaintiff argues that the failure of defendant to call Atkins as a witness raises an adverse inference and suffices for submission of the question as to the extent of his authority to the jury. 20 Amer.Jur. 188. But we have observed that Atkins was not in defendant's employ at the time of trial and is not shown to have been available as a witness, and clearly no more available to defendant than to plaintiff. And as stated in Alabama Power Company v. Talmadge, 207 Ala. 86, 93 So. 548, 557, a party "is not required to produce all possible witnesses", and defendant had shown by undisputed proof the limit of Atkins' authority. See, also, Blue v. First National Bank, 200 Ala. 129, 75 So. 577; Christian Benevolent Burial Ass'n v. Huff, 241 Ala. 119, 1 So. 2d 390; 20 Amer.Jur. 195. This argument is without merit.

■■ Nor is a jury question presented merely upon the theory that Atkins' appointment by defendant was by parol rather than in writing. If he in fact was only a soliciting agent he was as much so limited in authority as if there had been formal writing to that effect. The case of Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46, cited by plaintiff upon this point, was merely to the effect that when the authority of the agent rests in parol and is a matter of disputed fact, then the question is one for the jury's consideration. Such is of course true of any disputed issue of fact. But here there was no disputed issue upon the extent of Atkins' authority and the cited authorities are inapplicable.

As previously stated the Staggs case, supra, recently announced is here much in point and is decisive of much that is here involved. Counsel for defendant calls attention to Mutual Benefit Health & Accident Ass'n v. Edwards, 174 Okl. 210, 50 P. 2d 144 by the Supreme Court of Oklahoma which is likewise in point and follows similar reasoning employed in the opinion of the Staggs case.

It appears, therefore, as our conclusion that under the undisputed proof plaintiff was not entitled to recover upon any of the counts of the complaint and defendant was due the affirmative charge as duly requested.

The judgment will accordingly be here reversed and the cause remanded.

Reversed and remanded.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.