## RESNICK v. WOLF & COHEN, Inc., et al.
## No. 406.

Municipal Court of Appeals for the
District of Columbia.
Dec. 4, 1946.
Rehearing Denied Dec. 18, 1946.

I. H. Halpern, of Washington, D. C., for appellant.

Warren E. Magee, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD, Associate Judge

HOOD, Associate Judge.

Plaintiff brought an action on an alleged contract of theft insurance against Wolf & Cohen, Inc., licensed as an insurance agent in the District of Columbia, and against Century Indemnity Company, licensed to engage in the business of insurance in the District. Plaintiff sought to recover for a loss which occurred between 9:00 p. m. and 10:00 p. m., on October 9, 1943, when some jewelry was stolen from his gift shop while it was open for business. The trial judge at the close of the case directed a verdict for defendants. Plaintiff has appealed.

■ Since the trial judge directed a verdict for the defendants, we must consider every fact in evidence which tends to sustain plaintiff's case as admitted, together with every inference reasonably deducible therefrom. Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624. In this view, the jury could have found, insofar as the existence of a contract of theft insurance is concerned, the following circumstances: that plaintiff asked Feldman, an insurance solicitor, for "full coverage insurance" in July 1943 for a gift shop which plaintiff opened at that time; that plaintiff received from Feldman certain policies of fire insurance issued through the office of Wolf & Cohen, Inc., though the record does not disclose what company or companies issued the policies; that plaintiff did not receive a theft policy; that plaintiff asked Feldman for theft insurance in the latter part of September 1943; that plaintiff asked Feldman about the theft policy several times in September 1943 and that Feldman told him he was "covered"; that Feldman told him he had the theft policy at home; that plaintiff never received a theft policy, and that defendant Wolf & Cohen "bound" defendant, Century Indemnity, on an open stock burglary policy in the amount of $2,000 for plaintiff on September 21, 1943. The open stock burglary policy expressly covered the contents of the shop only while it was not open for business, and therefore did not include the loss alleged in this action. Feldman testified that he had never discussed theft insurance with plaintiff; that plaintiff requested fire and burglary insurance; that the conversations were limited to "open stock burglary insurance" which covered the contents of an insured's shop during the time it was not open for business; that he telephoned defendant, Wolf & Cohen, while in plaintiff's store and in plaintiff's presence for the purpose of obtaining a binder on the fire insurance and open stock burglary insurance; that he, in fact, was not authorized to bind defendant, Wolf & Cohen, and that he solicited insurance for several companies. Feldman's connection with Century Indemnity Company was not mentioned in the evidence.

There being no evidence of any written contract of theft insurance, plaintiff's case depends on the existence of a valid oral contract of insurance. Whether the foregoing evidence should have gone to the jury for a determination as to the existence of an oral contract of theft insurance necessarily depends on the authority of Feldman to enter into such a contract for the defendants. Consequently, it is necessary to review the evidence which tends to establish such authority. That evidence could have established the following circumstances: that Feldman was a relative of plaintiff through marriage; that Feldman operated an amusement place in the vicinity of plaintiff's shop; that Feldman also solicited insurance; that Feldman was licensed as a "solicitor"; that plaintiff knew Feldman worked for defendant, Wolf & Cohen, at the time of the alleged oral contract; and that the entire negotiations for the theft insurance were through Feldman.

■ Considering all the evidence most strongly in plaintiff's favor, it is clear that no authority in Feldman to bind the defendants is established by the circumstances set forth. The burden of proving authority rests upon the party asserting it, and the authority must be traced to the principal. Swift v. White Oak Coal Co., 44 App.D.C. 159. See also, Schutz v. Jordan, 141 U.S. 213, 11 S.Ct. 906, 35 L.Ed. 705; Gosney v. Metropolitan Life Insurance Co., 8 Cir., 114 F.2d 649; Ferro Concrete Construction Co. v. United States, 1 Cir., 112 F.2d 488, certiorari denied, 311 U.S. 697, 61 S.Ct. 136, 85 L.Ed. 452. It is settled that a general

agent has authority to bind the insurer by an oral contract of insurance. Globe & Rutgers Fire Insurance Co. v. Draper, 9 Cir., 66 F.2d 985; Massachusetts Bonding & Insurance Co. v. R. E. Parsons Electric Co., 8 Cir., 61 F.2d 264, 92 A.L.R. 218. But it is also settled that a soliciting agent has no authority to make an oral contract of insurance. Hartline v. Mutual Benefit Health & Accident Ass'n, 5 Cir., 96 F.2d 174; Mutual Benefit Health & Accident Ass'n v. Bradford, 242 Ala. 431, 7 So.2d 20; Banks v. Clover Leaf Casualty Co., 207 Mo.App. 357, 233 S.W. 78. See 16 Appleman, Insurance Law and Practice, § 9201, p. 733. The test for determining whether an agent is a general agent or a soliciting agent is an elusive one. But it seems clear that a "general agent" is ordinarily one who is authorized to accept risks, agree upon and settle terms of insurance contracts, issue policies, and to renew policies already issued, as distinguished from "soliciting agent" who merely procures applications, collects premiums and delivers policies. Hare & Chase Inc., v. National Surety Co., D.C.S.D.N.Y., 49 F.2d 447, affirmed 2 Cir., 60 F.2d 909 certiorari denied, 287 U.S. 662, 53 S.Ct. 222, 77 L.Ed. 572; Prudential Insurance Co. of America v. Jenkins, 290 Ky. 802, 162 S.W.2d 791; Gibson v. Texas Prudential Insurance Co., 229 Mo.App. 867, 86 S.W.2d 400. See also, Sommerio v. Prudential Insurance Co. of America, 289 Ill.App. 520, 7 N.E.2d 631, 634, and 16 Appleman, Insurance Law and Practice, § 8696, p. 115. The definitions of "general agent" and "solicitor" in the Life Insurance Act of the District of Columbia, (Code 1940, § 35—302), make a like distinction.

Construing all the testimony most favorably to plaintiff we find in the record no evidence whatever from which a jury could have concluded that Feldman had authority to bind either defendant on an oral contract. It, therefore, is unnecessary to consider whether there was sufficient evidence from which such oral contract could have been established.[1] Since the only basis for an oral contract of theft insurance was the authority of Feldman to bind the defendants, and there is no evidence from which a jury could have found such authority, the trial judge properly directed a verdict for the defendants.

█ Although we affirm the action of the trial court in directing a verdict at the close of all the evidence, we think it appropriate to say that, under Rule 46(b) of the trial court, which is substantially identical with Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the trial court could have submitted the case to the jury and reserved its action on the motion. In such case if the jury found, as defendants' evidence tended to prove, that there was never any discussion between plaintiff and Feldman of theft insurance, their verdict would have eliminated the necessity of the trial court passing on the question of law raised by the motion. On the other hand, if the verdict of the jury were in plaintiff's favor, the trial court could thereafter rule on the motion and order judgment for the defendants. And then on appeal, if this court disagreed with the trial court, the verdict of the jury could be reinstated without the necessity of a new trial. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. The practice of submitting cases to the jury and reserving determination of questions of law raised on motion for directed verdict, has received strong commendation in this jurisdiction and elsewhere. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; Fratta v. Grace Line, Inc., 2 Cir., 139 F.2d 743. The Municipal Court rule conforms to the federal rule and the reasons which have led to approval of the practice under the federal rule lead us to commend the same practice to the Municipal Court.

Affirmed.

---

[1] For cases regarding sufficiency of evidence to establish a valid oral contract, see Eames v. Home Insurance Co., 94 U. S. 621, 24 L.Ed. 298; Bankers Indemnity Insurance Co. v. Pinkerton, 9 Cir., 89 F.2d 194, certiorari denied, 302 U.S. 704, 58 S.Ct. 23, 82 L.Ed. 543; Collins v. Ætna Insurance Co., 103 Fla. 848, 138 So. 369; Continental Insurance Co. v. Baker, 238 Ky. 265, 37 S.W.2d 62.