124 So.2d 660

Cara T. CHADWICK

v.

COLONIAL LIFE & ACCIDENT INSUR-ANCE COMPANY.

6 Div. 194.

Supreme Court of Alabama.

Nov. 17, 1960.

Beddow, Gwin & Embry, T. Eric Embry and Roderick M. MacLeod, Jr., Birmingham, for appellant.

458

Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

COLEMAN, Justice.

Appellant, plaintiff below, brought action at law seeking to recover on accident insurance policy issued by defendant on September 24, 1954, whereby defendant insured plaintiff for a term of twelve months from the aforesaid date. The complaint alleges that the accident occurred on October 26, 1955, while the policy was in force.

Defendant filed a plea setting forth provisions of the policy which in pertinent part recite as follows:

" 'Insuring Clause: In consideration of the payment in advance of $29.00 as first payment to the 24th day of September 1955, and thereafter the payment in advance of $23.00 each 12 months, and subject to the provisions, definitions, statements and limitations contained herein, the Company hereby insures * * * "the plaintiff" * * * for a period of 12 months from the day and hour this Policy is dated (Standard Time at the place where the Insured resides), against loss resulting * * * from bodily injuries effected solely

through * * * accidental means during the term of this Policy * * *.

* * * * * *

" 'Date of Policy 9–24–54 Hour 9:00 A.M.

* * * * * *

" 'Standard Provisions

* * * * * *

" 'If default be made in the payment of the agreed premium for this Policy the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the Policy, but only to cover loss resulting from accidental injury thereafter sustained.

* * * * * *

" 'General Provisions

* * * * * *

" 'In the payment of any premium except the first, a grace period of 31 days without interest will be allowed, during which time the Policy will remain in force.' "

The plea further alleged that the only premium paid was the initial premium for the first year which was paid on September 24, 1954, and concludes that the policy was not in force at the time plaintiff was injured as alleged in the complaint.

To this plea, defendant filed replication alleging that prior to plaintiff's injury defendant sent to plaintiff a notice which recited, among other things, as follows:

" 'Reminder

"The grace period on this policy will expire thirty one days after due date.' "

The replication further alleges that the due date was the period of time from 9:00 A.M. on September 24, 1955, to 9:00 A.M. on September 25, 1955, and that by virtue of said notice and the grace period, said policy was in force at the time of plaintiff's injury which occurred on October 26, 1955, prior to 9:00 A.M.

Defendant's demurrer to the replication was sustained, whereupon plaintiff suffered a voluntary nonsuit and appealed. The ruling of the trial court sustaining demurrer to the replication is assigned as error.

The question thus presented for decision is whether or not, under the facts alleged, the policy was in force on October 26, 1955, during the hours of that day prior to 9:00 A.M.

In Lang v. Phillips, 27 Ala. 311, this court referred to the general rule that in certain cases where time is to be computed from an act done the law refuses to recognize fractions of a day, but in the same opinion the court remarked that the general rule does not apply to statutes which, as between different acts, gives preference to the one first done and in such cases the courts will regard fractions of a day.

In German Security Bank v. Campbell & Co., 99 Ala. 249, 12 So. 436, this court held that in determining the priority of judgment liens, fractions of a day would be recognized.

In Ex parte Massie, 131 Ala. 62, 31 So. 483, 56 L.R.A. 671, this court held that the chancellor correctly set aside a decree rendered on the day of but after the death of a material defendant in the cause. The court said:

" * * * The unity of a day and its indivisibility as a period or point of time is a fiction of the law, and is regarded only in promotion of the ends of justice, and never when justice and right will thereby be defeated. This fiction of the law had its origin in the common law, and, while the courts of England have generally adhered to it, still in those courts the rule has not been universal in its observance. The courts of this country, however, have been disposed to depart from the rule, and fractions of a day are reckoned

where justice requires it. * * *"
131 Ala. 62, 64, 31 So. 483.

Appellant recognizes in brief that this case requires that fractions of a day be taken into account and aptly states the rule to be applied here as follows:

" * * * the parties to an insurance policy may set a definite time of day on which the coverage of a policy is to begin or terminate and * * * where a policy provides that the coverage shall be for a term of months beginning at a specific hour of a day, then the coverage will terminate at the corresponding hour of the last day of coverage. Matthews vs. Continental Casualty Co., 78 Ark. 81, 93 S.W. 55; Purvis vs. Commercial Casualty Company, 160 S.C. 484, 159 S.E. 369; Soucie vs. Illinois Agricultural Mutual Ins. Co., 323 Ill.App. 456, 56 N.E.2d 55; Mutual Benefit Health & Accident Ass'n. vs. Bradford, 242 Ala. 431, 7 So.2d 20. And, * * * where the coverage under a policy expires at a specific hour, a grace period expires at the corresponding hour of the last day of the period. Richardson vs. American National Ins. Co., 18 La.App. 468, 137 So. 370."

Appellant further concedes that:

"By the terms of the policy the Appellee insured the person of the Appellant for a term of twelve months from 9:00 a. m. September 24, 1954. Upon the payment of the initial premium the insurance was paid for and in full force and effect until 9:00 a. m. September 24, 1955, not considering the grace period. * * *"

We note here, that the words "due date" do not appear in the quoted policy provisions but appear only in the reminder notice sent by defendant to the plaintiff. We think that the policy provisions are clear and unambiguous to the effect that the first twelve months of coverage ended at 9:00 A.M. on September 24, 1955; and that the thirty-one day grace period began to run at that instant and ended at 9:00 A.M. on October 25, 1955.

Appellant argues, however, that because the initial premium paid for insurance coverage for the twelve months which ended at 9:00 A.M. on September 24, 1955, nothing was "due" prior to that hour, and the "due date" for payment of the second premium was the twenty-four hour period from 9:00 A.M. September 24, 1955, to 9:00 A.M. September 25, 1955, and that the grace period did not begin to run until the "due date" ended at 9:00 A.M. on the latter day. Plaintiff contends that the grace period must be counted from the alleged end of the "due date" at 9:00 A.M. on September 25, 1955, and that the thirty-one days of grace counted from that hour ended at 9:00 A.M. on October 26, 1955, after the injury to plaintiff had already occurred on October 26, 1955. If plaintiff's contention be correct, the plaintiff would have had thirty-two days of grace, but the policy granted only thirty-one such days. The reminder did not purport to grant and did not grant an additional day of grace.

Plaintiff argues that the words "due date" are ambiguous, and under the rule that ambiguities in insurance contracts must be construed against the insurer who prepared the contract, the contentions of plaintiff must prevail.

We do not agree. The reminder notice cannot be considered isolated from the policy provisions. Apart from the policy provisions the reminder has no meaning at all. Policy and reminder must be considered together.

The policy states that in consideration of the payment in advance of $29 as first payment "to the 24th day of September 1955, and thereafter the payment in advance of $23.00 each 12 months * * * the Company * * * insures * * * for a period of 12 months from the day and hour this Policy is dated * * *."

This can mean only that the initial premium, which was the only premium paid, provided coverage for 12 months ending at 9:00 A.M. September 24, 1955, and that to obtain coverage for the period after that hour plaintiff must pay *in advance* of such subsequent period, that is, prior to the beginning of such period.

The policy further provides that: "If default be made in the payment of the agreed premium * * * the subsequent acceptance of a premium by the Company * * * shall reinstate the Policy, but only to cover loss resulting from accidental injury thereafter sustained." The last-quoted provision clearly states that if a premium be not paid when due, there will be no coverage thereafter, and even if a delinquent premium be subsequently paid, no coverage will be provided between the hour of default and the hour when such delinquent payment is accepted by the defendant.

The reminder did not extend the time for paying subsequent premiums in advance or the grace period. The premium for the second year was payable "in advance" of that year, and was not merely due at 9:00 A.M. on September 24, 1955, but was past due or delinquent after that hour.

The cases in point are collected in 38 A. L.R.2d 764. In the case there annotated, National Security Life & Casualty Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, the policy provided that " 'The term of this policy begins at 12 noon Standard Time of the place where the insured resides on date hereof * * * and ends at 12 o'clock noon same Standard Time on date any renewal is due.' " The policy further provided: " 'Renewal premium $4.80 due on or before the first day of each month beginning March 1st without grace,' " and also, " 'The payment in advance of premiums of $4.80 monthly thereafter beginning with March 1, 1950, is required to keep this policy in effect.' " The last premium was paid on August 1, 1950. Insured was killed accidentally on September 1, 1950, at 7:15 P.M. The court rejected the contention of bene-

ficiary that the policy was ambiguous in that two provisions gave insured the right to pay renewal premiums at any hour during the day of September 1st and that the contract was in force until midnight of that day. In reversing judgment for the plaintiff, the court said:

> " * * * In construing the policy as a whole and giving effect to each part where that can be done with reasonable possibility an implication cannot be allowed to override an express provision. (Citations omitted.) The insured paid for exactly one month's protection against accidental injury and that is what she received, no more and no less." 257 S.W.2d 943, 945, 38 A.L. R.2d 764, 767, 768.

In the case at bar, as we have undertaken to show, the initial premium paid for twelve months' coverage. The next premium was due before the end of that year if coverage was to be had for the second year. After the second year began the renewal premium was past due. The reminder notice did not extend the time by making reference to "due date." Consequently the thirty-one days of grace began to run at 9:00 A.M. on September 24, 1955, and ended at 9:00 A.M. on October 25, 1955, before plaintiff was injured.

In Richardson v. American National Insurance Company, 18 La.App. 468, 137 So. 370, 372, the defendant insured deceased by an accident policy " 'from 12 o'clock noon * * * of the day this contract is dated, until 12:00 o'clock noon * * * of the 15th day of February, 1925, and for such further periods, stated in the renewal receipts, as the payment of the premium * * * will maintain this policy * * * in force * * * *' " and, " 'A period of five (5) days of grace is allowed for the payment of any renewal premium, during which the policy shall be maintained in full force * * * but if the payment of any renewal premium is made after the grace period * * * has expired neither the Insured nor the Beneficiary shall be en-

# 462

titled to recover for * * * injury sustained between the date of such expiration and 12:00 o'clock noon * * * of the day following the date of such renewal payment * * *.'" Each renewal premium was paid, sometimes tardily, up until the one due at 12:00 o'clock noon on February 15, 1929. That premium was not paid until two days after the accidental injury and death of the insured had occurred at 4:45 P.M. on February 20, 1929.

The Louisiana Court held that although the grace clause did not specify that the five-day grace period should expire at noon February 20, 1929, the grace period did expire at noon on the 20th day of February, 1929, because all the periods of time in the policy were based on 12:00 o'clock noon, and there was no ambiguity in the policy on that point. We are of like opinion with respect to the hour of 9:00 A.M. in the instant case.

Appellant cities American Workmen v. Harris, 29 Ala.App. 297, 196 So. 145, 147, certiorari denied 239 Ala. 505, 196 So. 147, where premiums were payable on the 3rd day of each month. Policy was paid up until September 3rd when another premium would have become due. Prior to September 3rd, defendant sent notice to insured that he would "'be due to pay September and October * * * premium * * * *on or before* October 3rd.'" The Court of Appeals held that the notice operated to keep the policy in force until October 3rd, and that insurer was liable where death of insured occurred on the preceding 25th day of September. The notice there clearly changed the due date for payment of the renewal premium, but the instant notice did not.

It follows that the trial court correctly sustained demurrer to the replication and that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.