Joseph OLIVER, Appellant,

v.

UNITED MORTGAGE COMPANY, Inc., t/a Bankers Mortgage Company, Appellee.

No. 4011.

District of Columbia Court of Appeals.

Argued March 20, 1967.

Decided June 26, 1967.

Hillel Abrams, Washington, D. C., for appellant.

Alfred S. Fried, Riverdale, Md., with whom Harold J. Rogers, Riverdale, Md., and Roger M. Whelan, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, (Associated Judge, Retired).

MYERS, Associate Judge.

This is an appeal from a judgment on a trial finding denying recovery to a borrower (appellant) seeking the return of allegedly usurious interest charged by appellee in violation of the "Loan Shark Law" of the District of Columbia.[1]

Appellant came to appellee's office after having read appellee's advertisement for "CASH—1st, 2nd, 3rd Trusts Arranged" to consult about securing a loan on his improved property in the District of Columbia in the amount of $2,100 for six months. There was already a first deed of trust on the property. As a result, a second deed of trust note was executed by appellant in the amount of $3,530, bearing six percent interest, payable in monthly instalments of $69, and secured by a second deed of trust on the premises. Contemporaneously he signed and gave to appellee a letter which provided:

You are hereby specifically authorized and directed to immediately record this

1. D.C.Code §§ 26–601 to 26–611 (1961). This chapter makes it unlawful to engage in the business of loaning money upon which a rate of interest greater than six percent per annum is charged on any security of any kind. Together with § 28–2703 et seq. and § 47–1701 et seq., they constitute a comprehensive code for the business of lending money in the District of Columbia. Hartman v. Lubar, 77 U.S. App.D.C. 95, 133 F.2d 44 (1942), cert. denied, 319 U.S. 767, 63 S.Ct. 1329, 87 L.Ed. 1716, rehearing denied, 320 U.S. 808, 64 S.Ct. 30, 88 L.Ed. 488 (1943).

deed of trust, and to act as our agent in selling the aforesaid note. When, and if, you sell said note, it is expressly understood that you will remit the sum of $2100.00 to the undersigned; and we, the undersigned, do further specifically authorize you to retain any balance derived from said sale to cover all of the expenses of this transaction, and to pay your charges for making said sale. It is further understood that if you are unable to sell this note within fifteen (15) days from the date hereof, you will return the note and deed of trust to us, without any charge whatsoever, either as to your charges or costs incurred by you.

Appellee then brokered the note to a third party investor[2] for $2,700, and after retaining costs of $130 and a commission of $470 for arranging the loan, gave $2,100 to appellant who now claims that as a result of this transaction he was charged a usurious rate of interest and that appellee was the agent of the lender or, alternatively, made the loan as principal. He does not charge appellee with fraud, misrepresentation or overreaching.

After a trial without a jury, the court found that appellant had failed to establish by a preponderance of evidence that appellee had received usurious interest either as the agent of the lender or as the actual lender of the money. Cf. District of Columbia v. Hamilton Nat. Bank, D.C. Mun.App., 76 A.2d 60 (1950).

■■ The general rule is that a commission paid by a borrower to a loan broker for obtaining a loan from a third person does not constitute usury. Grant v. Phoenix Mut. Life Ins. Co., 121 U.S. 105, 7 S.Ct. 841, 30 L.Ed. 905 (1887); First Nat. Bank of Chattanooga v. Bell, 97 F.2d 683 (6th Cir. 1938); 91 C.J.S. Usury § 45; 55 Am.Jur., Usury § 71; 6 Williston, Contracts § 1692 (Rev. ed. 1938). To defeat the general

rule the broker would have to be acting solely as the agent of the lender. Whether such an agency existed is clearly a question of fact and the burden of proving the agency fell upon appellant. McDonald v. Stone, D.C.Mun.App., 86 A.2d 624, 626 (1952). Cf. Beatty v. Franklin Inv. Co., 115 U.S. App.D.C. 311, 319 F.2d 712 (1963); Swift v. White Oak Coal Co., 44 App.D.C. 159 (1915). The only evidence of *any* agency was the letter signed by appellant authorizing appellee to broker the note and, after payment to appellant of the sum of $2,100, to retain any balance derived from the sale to cover the expenses and charges for making the sale.

■ The trial judge found as a matter of fact that appellee was appellant's agent in the transaction, and not the agent of any third party. We find no error in this finding as a matter of law; and, as a finding of fact, we are without power to retry, there being sufficient evidence to support such a finding. Rosenblum v. Cherner, D.C.App., 219 A.2d 491 (1966); Monarch Const. Corp. v. J. H. Marshall & Assoc., Inc., D.C.App., 213 A.2d 894 (1965).

■ Appellant also contends that appellee advanced his own funds, rather than the funds of a third party, thus making him the principal on the loan. He bases this argument upon a factual dispute as to when he was given the money by appellee. Even accepting appellant's version, the funds were advanced by appellee "for convenience only, and with expectation of reimbursing himself promptly from the funds supplied by the lender." A commission for that service would not make the transaction usurious. 91 C.J.S. Usury § 45. See also Stansell v. Georgia Loan & Trust Co., 96 Ga. 227, 22 S.E. 898 (1895).

Affirmed.

2. Appellant made only six monthly payments. Thereafter he sold the property. The settlement sheet reveals that the balance on the note, $3,236.11, was paid to the purchaser of the note.