# Baker *v.* Haynes, Henson & Co.

*Action on Verified Account.*

(Decided April 28 1906. 40 So. Rep. 968.)

1. *Account; Action on; Prima Facie Case.*—The introduction in evidence of an account duly verified by affidavit as required by § 1804, Code 1896, which fact is endorsed upon the complaint, the defendant failing to file sworn plea denying its correctness, makes out a prima facie case for plaintiff on which he is entitled to recover in the absence of any evidence on part of defendant.

2. *Same; Evidence; Admissions.*—The fact that defendant stated that plaintiff's claim was $120.00 for which he offered him $85.00, was a tacit admission of the plaintiff's claim and such statement was admissible in evidence against defendant.

APPEAL from Tallapoosa Circuit Court.

Heard before HON. S. L. BREWER.

Action in assumpsit by Hayes, Henson & Co., against D. W. Baker. The facts are sufficiently stated in the opinion.

D. H. RIDDLE, for appellant.—The court erred in admitting the testimony of Jackson as to an offer by defendant to pay $85.00 in full settlement of the claim.— *Matthews v. Farrell,* 140 Ala. 298; *Gibbs v. Wright,* 14 Ala. 467. The plea being not indebted in manner and form as alleged in the complaint, the verified account which was only for $116.30 did not prove the allegations of the complaint claiming $119.88.

GEORGE A. SORRELL, for appellee.—No brief came to the reporter.

HARALSON, J.—The account sued on in this case was previously verified, by affidavit of competent witness, under section 1804 of the code of 1896. The fact

[Bacon, Trustee, v. Merchants Bank of Florence.]

that the same was verified by affidavit was indorsed on the summons and complaint at the time of the bringing of the suit. The account thus verified was introduced in evidence by the plaintiff, without objection, and the defendant did not file an affidavit, denying on information and belief or otherwise, the correctness of the account. This evidence entitled the plaintiff to a judgment in the absence of any proof from the defendant, who offered none.

2. Moreover, the defendant tactitly admitted, and never denied, plaintiff's claim. He stated to P. A. Jackson, that plaintiff's claim was $120.00 for which he offered him $85.00. "An offer of a sum by way of compromise of a claim tactitly admitted, is receivable, unless accompanied with a caution that the offer is confidential."—Greenleaf on Evidence, § 192.

If a "debtor admit a particular item of an account, or any other fact meaning to make the admission as being true, this is good evidence; although the object of the conversation was to compromise an existing controversy."—*Matthews v. Farrell*, 140 Ala. 298, 309, 37 South. 325; *Hartford Bridge Co. v. Granger*, 4 Conn. 148.

There being no conflict in the evidence, the general charge was properly given for plaintiff.

Affirmed.

DOWDELL, ANDERSON, and DENSON, JJ., concur.