(101 So. 652)

## RIVERS v. PATERSON & EDEY LUMBER CO. (1 Div. 334.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Trial ⟨⟩142—Affirmative charge not given, if adverse inferences of material facts may be drawn.**

Affirmative charge should not be given, if adverse inferences of material facts may be drawn by jury.

**2. Account, action on ⟨⟩14—Itemized statement duly verified competent evidence.**

Itemized statement of account sued on, duly verified, was competent evidence of correctness of items when not denied by affidavit and not objected to.

**3. Account, action on ⟨⟩15—Verified account justified refusal of affiffirmative charge to defendant.**

Introduction of duly verified itemized account justified refusal of affirmative charge for defendant.

**4. Appeal and error ⟨⟩1053(7)—Introduction of evidence concerning eliminated counts harmless.**

Introduction of evidence concerning eliminated counts was harmless to defendant.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action on account by the Paterson & Edey Lumber Company against Richard Rivers. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

Brooks & McMillan, of Mobile, for appellant.

In order to recover on account, plaintiff must show the correctness of items composing the account. Unless he does this, defendant is entitled to the affirmative charge. Crawford v. McLeod, 64 Ala. 240.

Armbrecht, Hand & Meredith, of Mobile, for appellee.

The itemized, verified statement of account, introduced in evidence by plaintiff, and not objected to by defendant, was sufficient to sustain the jury's verdict. Code 1907, § 3970; Acts 1915, p. 609; Baker v. Haynes, 146 Ala. 520, 40 So. 968; Acha Hermanos v. Rosengrant, 17 Ala. App. 267, 84 So. 399; Benton Mer. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784.

THOMAS, J. The trial was had upon the third count and the general issue. It was an action on an itemized verified statement of the account filed with the complaint. It had the indorsement thereon that the same was verified by affidavit of a competent witness. Code 1907, § 3970, as amended by Gen. Acts 1915, p. 609. The defendant filed in the cause no affidavit denying, on information and belief, the correctness of the account; and no objection was interposed on the trial to its introduction in evidence. The judgment was for the plaintiff.

[1-3] The affirmative charge should not be given if there are adverse inferences of material facts that may be drawn by the jury. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. There was no error in declining defendant's written request to give such charge. The itemized statement of account, duly verified, was competent evidence of the correctness of the items of the account, and justified the refusal of the charge. Benton Merc. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Baker v. Haynes, Henson & Co., 146 Ala. 520, 40 So. 968.

[4] The assignment of error predicated on the introduction in evidence of the ledger sheet is not available to appellant, as the same was offered under the first and second counts of the complaint, which were eliminated. Such evidence was not offered in support of count 3 of the complaint, on which the trial was had. The like observation may be made as to all rulings on introduction of evidence limited to counts 1 and 2 of the complaint. This applies to assignments of error based on the overruling of defendant's objection to the introduction in evidence of the account of sales. The same being limited to the eliminated counts, if error was committed, it was without injury to defendant. The recovery was rested on the third count of the complaint.

There is no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.