1 So.2d 898

BENSON & CO., INC., v. FOREMAN.

4 Div. 186.

Supreme Court of Alabama.

April 10, 1941.

Rehearing Denied May 15, 1941.

194

A. R. Powell, of Andalusia, for appellant.

Ralph A. Clark, of Andalusia, for appel-
lee.

FOSTER, Justice.

The chief controversy on the trial of this suit and on this appeal is whether section 7721, Code, serves to prohibit the defendant from giving certain testimony.

The action was on an account extending over a long period by the employer against his employee. Plaintiff at the time of bringing its action, which was on an open account and also a stated account, filed with the complaint a verified itemized statement of the account, and endorsed on the summons and complaint that fact. Defendant did not file an affidavit in manner and form required by section 7666, Code, denying the correctness of the account. The only plea on which the trial was had was the general issue with leave to give in evidence any matter which could be specially pleaded.

On the trial plaintiff introduced the verified account and also made proof that defendant had approved and agreed to the account. Such proof made out a prima facie case. Section 7666, Code; Baker v. Haynes, Henson & Co., 146 Ala. 520, 40 So. 968; Rivers v. Paterson & Edey Lumber Co., 212 Ala. 96, 101 So. 652.

The defendant then had imposed on him the duty to overcome that prima facie case. This he undertook to do by his own testimony which it is claimed violates section 7721, Code. He had been employed by the Benson Hardware Company from 1927 until it went into bankruptcy in October 1932. This plaintiff, another corporation, began business in 1933, and succeeded the other. There was no error in allowing parol proof that the first company went into bankruptcy in October, 1932. That was only a collateral fact, not subject to the primary evidence rule. 9 Alabama Digest 158, Evidence, ☞ 171; 22 Corpus Juris 978, section 1224.

The sole controversy which developed on the trial was as to the proper amount that should be credited monthly to defendant by plaintiff on his account which ran throughout the years of his employment. The verified statement of the account shows that the salary was not paid except by crediting his account monthly, and that when he began to work for Benson Hardware Company his salary credit

was $150 monthly, reduced in 1932 to $120; that the salary credit for his salary by this plaintiff after it began business was $90, except in 1937 and part of 1938, when it was $100 monthly. Defendant claims it should have been $120 all of the time from 1933 to and including 1937, and the three months in 1938 when he was so employed. Defendant's claim is supported by his own testimony only, to which objection was made as we have observed. In that testimony he relates the details of an agreement to support his contention with O. L. Benson, the president of both Benson Hardware Company and of Benson & Co., who also was the general manager of both of those companies, and was dead at the time of trial and had not given any testimony in the case.

As we have observed, the question relates to the applicability of section 7721, Code. That the witness shall be held incompetent, he must of course have a pecuniary interest in the result of the suit. The witness was the defendant against whom a pecuniary judgment was sought. He therefore had such interest. His testimony was against the party to whom his interest was opposed. It was as to a transaction with or statement by a deceased person. And defendant claims, and the court held, that the estate of such deceased person is not interested in the suit, and, therefore, that the testimony of defendant was not incompetent under that statute. But this contention and ruling are obviously opposed to that feature of the statute which makes such testimony incompetent, though the estate of the deceased person is not interested in the result of the suit, if he acted in a representative or fiduciary relation to the party against whom such testimony is offered. Benson, the deceased person, assuming that his estate was not interested in the result of the suit, was acting as the president and general manager of plaintiff, and therefore in a representative relation to it at the time defendant claims he had the transaction with Benson. The evidence was offered against one for whom Benson was thus acting. It is wholly immaterial whether Benson's principal was the plaintiff or defendant in the action, as was argued by counsel. The statute and decisions made no such distinction and none exists in principle. The testimony was within the prohibition of the statute. See Tabler v. Sheffield Land, Iron & Coal Co., 87 Ala. 305, 6 So. 196; Manchester Sawmills Co. v. Arundel Co., 197 Ala. 505, 73

So. 24; Milton Realty Co. v. Wilson, 214 Ala. 143, 107 So. 92; Nation v. Montgomery, 228 Ala. 216, 153 So. 420; Richards v. Montgomery, 230 Ala. 307, 160 So. 706; Dean v. Thames, 234 Ala. 388, 175 So. 257.

For the error of overruling the objection to the testimony of defendant as to the transaction with Benson, the judgment must be reversed.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.