83 So.2d 733

Robert R. NAHRGANG

v.

W. K. R. G. RADIO STATION.

I Div. 705.

Court of Appeals of Alabama.

Oct. 18, 1955.

C. LeNoir Thompson, Bay Minette, for appellant.

Rickarby & Rickarby, Fairhope, for appellee.

HARWOOD, Presiding Judge.

The complaint in this case contained three counts.

Count 1 claimed $162 due by account.

Counts 2, and 3, claimed $50, and $112, respectively, for checks accepted by plaintiff from defendant, payment of which checks were refused allegedly because of insufficient funds.

An itemized verified statement of the account due by defendant to a partnership composed of Kenneth R. Giddens, Shirley Konrad, and Travis J. Rester, Jr., was attached to and made a part of the complaint. The account was sworn to as correct by Giddens, and shows a balance due of $162 on a bill incurred for radio spot advertisements run by W. K. R. G. for the "Clarence E. Barclay Political Campaign by Robert Nahrgang, Treas."

The defendant's demurrers to the complaint were overruled, and the defendant filed pleas of the general issue to each count, and a special plea of failure of consideration as to each count.

The plaintiff filed demurrers to pleas 2, 3, 4, 5, and 6, that is to all pleas but plea 1, which was the general issue as to count 1.

While the attorney for appellant states in his brief that the court did not rule on the plaintiff's demurrers to the pleas, and counsel for appellee accords to such view, the record shows that such demurrers were sustained.

Apparently the only evidence before the court below was the complaint and

the verified itemized account. Or at least, that is the only evidence competently shown by the record to have been before the court. There is copied in the record interrogatories propounded by the plaintiff to the defendant, and defendant's answers thereto, but whether they were offered in evidence is not disclosed by the record. Answers to interrogatories are evidence in a cause when offered by the party taking them. Section 481, Title 7, Code of Alabama 1940.

A judgment for the plaintiff was entered by the court, "it appearing from the pleading and evidence that the plaintiff is entitled to recover."

■ Appellant's assignment of error 1 asserts that the lower court erred in overruling appellant's objections to the verified affidavit, to which ruling appellant duly excepted.

The record fails to show any objections to the affidavit, or any ruling by the court in this regard. Nothing is therefore presented for review under this assignment.

■ Assignment of error 2 asserts that the court erred "in overruling appellants motion made in open court to exclude the evidence of the plaintiff, to-wit: A verified statement of account to Clarence E. Barclay Political Campaign by Robert R. Nahrgang, Treas. as constituting a variance from the pleading."

No such motion appears in the record.

■ ■ Assignment of error 3 asserts that the court erred in rendering judgment for the plaintiff inasmuch as no evidence was introduced by plaintiff in support of count 1.

Section 378, Title 7, Code of Alabama 1940, provides that a verified account filed with the complaint and noted by the plaintiff thereon shall be competent evidence of the correctness of the account when same is not disputed by a counter affidavit filed by the defendant. The defendant filed no counter affidavit in this case.

The defendants' demurrer could not raise the sufficiency of the verified account. Any objection to such account should have

been made when it was offered in evidence, since such was a matter of evidence. Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249.

The account made a part of the complaint having substantially met the requirements of Section 378, supra, and no counter affidavit having been introduced by the defendant, and no other evidence having been offered so far as the record discloses, the plaintiff was entitled to judgment under count 1. Baker v. Haynes, Henson & Co., 146 Ala. 520, 40 So. 968; Rivers v. Paterson & Edey Lbr. Co., 212 Ala. 96, 101 So. 652.

■ The appellant's remaining assignments of error relate to the sufficiency of the evidence to support the judgment under counts 2 and 3. The judgment entered by the court was a general judgment. If the evidence is sufficient to support any count of the complaint the judgment will therefore be referred to such count. Since it is our conclusion that the evidence does support the judgment when referred to count 1 no need arises to consider the remaining assignments of error as to counts 2 and 3.

Affirmed.