284 So.2d 254

**STONEWALL INSURANCE COMPANY, a corporation,**

v.

**William Patrick LOWE and Terry Lee Goodson.**

**SC 240.**

Supreme Court of Alabama.

Sept. 27, 1973.

As Corrected on Denial of Rehearing Oct. 25, 1973.

Dillon, Kelley & Barnes, Alexander City, for appellant.

**550**

Ruth S. Sullivan, Dadeville, for appellees.

FAULKNER, Justice.

This is an appeal from the Circuit Court of Tallapoosa County from a judgment of the trial court decreeing that Stonewall, the insurer, must defend Lowe, the insured, against the claims of Goodson, resulting from an automobile accident, and obligating Stonewall to pay any judgments appertaining thereto.

The facts are not complex. Lowe was involved in an automobile accident with Goodson on September 4, 1971. At the time of the accident, Lowe was insured by Stonewall under a policy of insurance issued by Stonewall to Lowe on or about March 10, 1971. It was a basic standard automobile liability insurance policy providing coverage to the extent of $10,000 for bodily injuries arising out of the use by Lowe of a 1961 Ford truck. The policy was in force on September 4, 1971, the date of the accident. Goodson allegedly received injuries in the accident. Lowe reported the accident to Stonewall on December 16, 1971, after he had received notice from the Department of Public Safety to file a Proof of Financial Responsibility. After receiving notice of the accident, Stonewall made an investigation but denied coverage for failure of Lowe to give it notice under a clause in the policy which provided that when an accident occurs written

notice shall be given by or on behalf of the insured to the company or one of its authorized agents as soon as practicable. Notice was given by Lowe when he went to the office of a Stonewall agent requesting assistance in preparing the form sent to him by the Department of Public Safety.

Stonewall filed a bill for declaratory judgment on February 21, 1972, seeking a declaration that it was under no obligation to defend Lowe against the claims of Goodson. Lowe requested a trial by jury. At the conclusion of the trial the case was submitted to the jury on the issue of whether Lowe had given notice of the accident to the company as soon as practicable. The jury found that he had and the trial court entered a judgment that Stonewall was liable to defend against the claims of Goodson and obligated to pay any judgments obtained, arising out of the accident. We affirm the trial court.

Lowe lived in a rural community. He was 22 years of age and had finished the 10th grade in school. He lived in a trailer behind his father's house. His father purchased the policy for him. Lowe's father had possession of the policy. Lowe had never read the policy. Documentary evidence introduced by Stonewall, without objection shows that Lowe made a written statement in which he said that he first reported the accident to his insurance agent on December 16, 1971; that at the time of the accident he did not realize that he had insurance; that even after he found out he had insurance, he did not report the accident, as he did not feel he was at fault. Evidence showed that he was not aware of any need to notify the company until he talked with an adjuster when he received the notice from the Department of Public Safety to comply with the Financial Responsibility Law. Lowe testified that Goodson told him at the time of the accident that he had hospital insurance.

We are concerned with the question of whether the excuse given by Lowe, if believed by the jury, justified the delay in giving notice.

■ The general rule in construing the phrase "as soon as practicable" is stated in American Liberty Insurance Company v. Soules, 288 Ala. 163, 258 So.2d 872. These words must be construed to require notice within a reasonable time under all the facts and circumstances of the case.

The reason for requiring notice and proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities; to afford it an opportunity to investigate the claim, and to prevent fraud and imposition upon it. Here Stonewall made an investigation and had the opportunity to determine its rights and liabilities before any lawsuit against its insured was filed. The delay in giving notice in American Liberty Insurance Company v. Soules, supra, was considerably longer than here, and it was held to have been given as soon as practicable.

■ Under the scintilla rule the case was properly submitted to the jury. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251.

■■ It is only where there is no evidence tending to establish plaintiff's case that the court may direct a verdict for the defendant. In considering whether the affirmative charge should be given, the evidence must be reviewed most favorably to the plaintiff. United Insurance Company of America v. Ray, 275 Ala. 411, 155 So.2d 514. The jury found that, under the evidence, notice was given as soon as practicable. Lowe's excuse that he did not think there would be a claim filed against him arising out of this accident satisfied the jury that he acted as a reasonable and prudent man under the circumstances. It satisfies us.

During the hearing Stonewall asked Lowe, on cross-examination:

"Q. You were insured under a Farm Bureau policy at one time, were you not?

**552**

"A. Yes sir.

"Q. And you had an accident while you were insured under them, didn't you?"

■ An objection interposed was sustained. Stonewall assigns this as error. The sole issue presented to the jury was whether notice was given "as soon as practicable." Involvement in a prior accident was irrelevant to the issue. Whether evidence is relevant is largely a matter of discretion of the trial court. State of Alabama, By and Through the State Board for Registration of Architects, etc. v. Jones, 289 Ala. 353, 267 So.2d 427.

Stonewall also assigns error by the court in overruling its objection to the question asked Lowe:

"Q. Pat, I have one other question . . . When did you first learn under the terms of your policy, that the insurance company expected you to report this accident?"

There was no injury suffered by Stonewall even if the ruling was erroneous. Lowe had already answered the question earlier and Stonewall had received the benefit of the testimony. Ennis v. Whitaker, 281 Ala. 563, 206 So.2d 367.

■ The next assignment of error involves the statements of Lowe and Goodson given to the adjuster. These were introduced into evidence by Lowe. The evidence was limited to the fact that an investigation was made. We are of the opinion that these statements were material and aided the jury in determining whether the objects and purposes of the phrase "as soon as practicable" had been effectuated.

■ The final assignment of error argued concerns the admission of the adjuster's statement to Lowe not to worry about the policy. There was no issue of waiver and estoppel; consequently the introduction of the evidence was harmless. Rivers v. Paterson & Edey Lumber Company, 212 Ala. 96, 101 So. 652.

The other assignments of error were not argued and will not be considered on appeal. Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653.

Affirmed.

Opinion corrected and application for rehearing denied.

MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.