**TRUCK INSURANCE EXCHANGE**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al.**

Civ. A. No. 73–1793.

United States District Court,
E. D. Pennsylvania.

Aug. 17, 1976.

William F. Sweeney, Harvey, Pennington, Herting & Renneisen, Philadelphia, Pa., for plaintiff.

Edwin L. Scherlis, Frank & Margolis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court is the motion of defendant St. Paul Fire and Marine Insurance Company (St. Paul) for summary judgment. This action was commenced by plaintiff Truck Insurance Exchange in an effort to recover by way of indemnity and/or contribution against the defendant St. Paul the amounts it paid on behalf of American Security Van Lines (American Security) in settlement of a verdict obtained by Lt. James A. Zimble in a negligence action against American Security. Truck Insurance Exchange also seeks reimbursement for the attorneys' fees it was required to pay to defend the suit brought by Lt. Zimble against American Security.

In support of its motion for summary judgment, St. Paul has submitted the affidavits of Richard J. Loy, a Claims Loss Manager for St. Paul, together with the requests for admissions filed by St. Paul and the answers thereto filed by Truck Insurance Exchange. In opposition to the motion, Truck Insurance Exchange has submitted the affidavit of William F. Sweeney, Esq., its attorney in this case. Truck Insurance Exchange admits that the facts as stated in St. Paul's motion and supporting

affidavits are an accurate description of the chronological events and policy provisions relevant to this case.

■ In a motion for summary judgment, all doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *First Pa. B. & T. Co. v. United States Life Ins. Co.,* 421 F.2d 959, 962 (3d Cir. 1969). As stated in 6 *Moore's Federal Practice,* ¶ 56.15[3], at 56–463 to 467:

> The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitled him to judgment as a matter of law.

> The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. (Footnotes omitted).

■ Under Rule 56, once a properly supported summary judgment motion is made, an adverse party may not rest upon the mere allegations of his pleading. His response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if otherwise appropriate, shall be entered against him. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Chapman v. Rudd Paint & Varnish Company,* 409 F.2d 635, 643–644 (9th Cir. 1969). Accordingly, we have drawn all inferences favorable to the plaintiff, Truck Insurance Exchange, and have accepted its version of the facts where a conflict exists. We find that there is no genuine issue of material fact and that the defendant, St. Paul, is entitled to summary judgment as a matter of law.

The facts relevant to St. Paul's motion for summary judgment are as follows: On August 1, 1970, Lt. James A. Zimble was struck by a truck and injured in Needles, Arizona. The truck which struck Lt. Zimble was owned by Morgan Van and Storage Company (Morgan) and was operated by Jessie Lane, a driver supplied by Morgan. At the time of the accident involving Lt. Zimble, Morgan was insured by St. Paul. The truck involved was leased by Morgan to American Security.[1] For the purpose of the motion for summary judgment, St. Paul has conceded that by virtue of the lease agreement entered into between Morgan and American Security, American Security was an insured by definition under the policy of insurance issued by St. Paul to Morgan. American Security was also the insured under a liability insurance policy issued by Truck Insurance Exchange.

Within thirty days after the accident which occurred on August 1, 1970, in Needles, Arizona, both American Security and Morgan had been notified by counsel for Lt. Zimble, the injured party, that a claim was being made against them as a result of the accident. In September, 1970, about one month following the accident, Truck Insurance Exchange became aware that a claim was being made against American Security and/or Morgan by Lt. Zimble as a result of the August 1, 1970 accident. A lawsuit was subsequently filed by Lt. Zimble against American Security in the United States District Court for the Eastern District of Pennsylvania. On December 22, 1971, over fifteen months after the accident occurred, Robert A. Bailey, the Branch Claims Manager of the Jacksonville, Florida office of the plaintiff, Truck Insurance Exchange, asked Crawford and Company to determine the

---

1. The lease between Morgan and American Security provided in pertinent part that the Lessor

(d) Agrees that the Lessee shall not be liable for any loss of damage to or destruction of said leased vehicle(s) while it is being operated by or is in the care and control of driver(s) furnished therewith.

(e) Agrees to indemnify Lessee against (1) any loss resulting from injury or death of such driver(s) and (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver(s).

insurance carrier for Morgan. On January 3, 1972, Crawford and Company advised Mr. Bailey that Morgan was insured by St. Paul. On or about January 5, 1972, Mr. Bailey advised Charles Bogdanoff, Esq., counsel for American Security in the action brought by Lt. Zimble, that Morgan was insured by the defendant, St. Paul. On March 23, 1972, Richard Loy, a Claim Loss Manager for St. Paul, received a telephone call from Charles Bogdanoff, Esq., the attorney who was retained by Truck Insurance Exchange to defend the action against American Security. Mr. Bogdanoff told Mr. Loy that St. Paul was the insurer of Morgan and requested that St. Paul defend American Security in the Lt. Zimble action and that St. Paul ultimately indemnify American Security in the event of a finding of liability. This was the first notice of any kind received by St. Paul in connection with the motor vehicle accident which had occurred on August 1, 1970 involving Lt. Zimble, Morgan and/or American Security. This initial notice was received by St. Paul nineteen months and twenty-three days following the accident and only eighteen days prior to the scheduled trial of the Lt. Zimble action on April 11, 1972. On March 27, 1972, Mr. Loy received a letter from Mr. Bogdanoff which contained a formal demand that St. Paul "engage counsel and defend this action and pay any judgment that might result therefrom." The letter from Mr. Bogdanoff also informed Mr. Loy and St. Paul that several depositions were scheduled in Phoenix, Arizona for March 28, 1972 (the day after the letter was written by Mr. Bogdanoff) and that trial had been set for April 11, 1972. Thereafter, the case proceeded to trial with American Security being defended by Charles Bogdanoff, Esq. at the request of Truck Insurance Exchange, and resulted in a substantial verdict for the plaintiff, Lt. Zimble. The case was eventually settled by Truck Insurance Exchange.

The insurance policy issued by St. Paul to Morgan under which the plaintiff, Truck Insurance Exchange, seeks to recover provides:

(a) Under the occurrence of any casualty or event for which coverage is afforded by this Policy, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured (and of available witnesses), shall be given by or for the Insured to the Company or any of its authorized agents *as soon as practicable.* (Emphasis supplied).

The policy also provides:

1. Except with respect to the Named Insured, the insurance as provided by the Comprehensive General and Auto Liability Insuring Agreement does not cover as an Insured any person or organization, or any agent, employee or contractor thereof, who is required to carry liability insurance under any motor carrier law because of transporting property for the Named Insured or for others.

Section 215 of the Interstate Commerce Act, 49 U.S.C. § 315 states in relevant part:

No certificate or permit shall be issued to a motor carrier or remain in force, unless such carrier complies with such reasonable rules and regulations as the Commission shall prescribe governing the filing and approval of . . . policies of insurance . . . in such reasonable amount as the Commission may require, conditioned to pay, within the amount of such . . . policies of insurance . . . any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others.

Section 1043 of the Rules and Regulations of the Interstate Commerce Commission, 49 C.F.R. § 1043.1 *et seq.,* provides in pertinent part as follows:

(a) PROPERTY DAMAGE; PUBLIC LIABILITY

Except as provided in paragraph (c) of this Section, no common or contract carrier subject to part II of the Interstate Commerce Act shall engage in interstate or foreign commerce and no certificate or permit shall be issued to such carrier or remain in force unless or until there have been filed with and accepted by the Commission . . . certificate of insurance . . . in the amounts prescribed in Section 1043.2, conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles in transportation subject to part II of the Interstate Commerce Act.[2]

It is uncontested that at the time of the accident involving Lt. Zimble in Needles, Arizona, the motor vehicle being operated by Jesse Lane, was traveling in interstate commerce pursuant to authority granted by the Interstate Commerce Commission and that such vehicles are required by the Interstate Commerce Commission to carry liability insurance.

Defendant, St. Paul, contends that even if American Security is an insured under the contract between St. Paul and Morgan, there has been a material violation of the insurance contract covering Morgan because St. Paul was not notified of the accident occurring on August 1, 1972 involving the insured vehicle "as soon as practicable". St. Paul also contends that the rider to the insurance policy issued by St. Paul covering the vehicle involved in the August 1, 1972 accident excludes coverage under the facts of this case because American Security is an organization required by the Interstate Commerce Commission to carry liability insurance because it transports the property of others.

The plaintiff, Truck Insurance Exchange, contends that American Security was an additional insured under the policy issued by St. Paul to Morgan and that the notice given on March 23, 1972 on behalf of American Security was reasonably prompt in view of all the attendant circumstances.

The parties have agreed that the law of Alabama must be applied to the issues in this case.[3] The parties are also in agreement as to the cases which set forth the law of Alabama in connection with the requirement in an insurance policy that notice be given "as soon as practicable."[4] In *American Liberty Insurance Company v. Soules,* 288 Ala. 163, 258 So.2d 872 (1972), a case in which the insurance policy in issue required notice to the company of any accident "as soon as practicable", the Supreme Court of Alabama stated that:

The question thus presented is, was this notice given as soon as practicable under all the facts?

While some jurisdictions look to whether the insurer is prejudiced by a late notice, this court in *American Fire & Casualty Co. v. Tankersley,* 270 Ala. 126, 116 So.2d 579, adopted the rule established by the great weight of authority that where in a policy, such as is involved in this case, notice of the accident and forwarding of any demand, summons, or other process are specifically made conditions precedent to any action against the insurer, the failure to give a reasonably timely notice of the accident, or notice of any demand or process, will release the insurer from obligation under the policy, although no prejudice may have resulted. 288 Ala. at 170, 258 So.2d at 878.

2. Section 1043.2 sets forth the limits of insurance required by the Interstate Commerce Commission.

3. The contract of insurance between St. Paul and Morgan was entered into in Alabama, as was the lease agreement between Morgan and American Security.

4. Plaintiff, Truck Insurance Exchange, in its brief in opposition to the motion of St. Paul for summary judgment, stated: "The cases cited by counsel for the defendant are not disputed and it is accepted for purposes of this Motion that Alabama Court law would construe the policy language, 'notice . . . as soon as practicable', to mean notice within a reasonable amount of time following the event in which coverage under a policy of liability insurance is sought."

Even more recently, in *Stonewall Insurance Company v. Lowe,* 291 Ala. 548, 284 So.2d 254 (1973), the Supreme Court of Alabama stated that the phrase as soon as practicable "must be construed to require notice within a reasonable time under all the facts and circumstances of the case." 291 Ala. at 551, 284 So.2d at 255. The Supreme Court then stated that:

> The reason for requiring notice and proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities; to afford it an opportunity to investigate the claim, and to prevent fraud the imposition upon it. 291 Ala. at 551, 284 So.2d at 255.

■ The law of Alabama is clear that an insurer need not show that it was prejudiced by a failure of the insured to give notice of a claim made against it. The only issue remaining, therefore, is whether, under the facts of this case, notice of the claim was given "as soon as practicable." If, as a matter of law, the insured (American Security) has failed to notify St. Paul as soon as practicable, it has breached the policy of insurance issued by St. Paul to Morgan and St. Paul is relieved of any obligation under the policy. *American Liberty Insurance Co. v. Soules,* 288 Ala. 163, 258 So.2d 872 (1972). As stated by the Supreme Court of Alabama in *American Liberty Insurance Company v. Soules,* the words "as soon as practicable" are not words of precise and definite meaning, but require notice within a reasonable time under all the circumstances of the case.[5] Of course, the requirement in a policy that notice be given as soon as practicable does not require instantaneous notice, but calls for notice to be given with reasonable dispatch. *Allstate Insurance Co. v. Fogg,* 293 Ala. 155, 300 So.2d 819 (1974); *Pan Ameri-*

*can Fire and Casualty Co. v. DeKalb-Cherokee Counties Gas Dist.,* 289 Ala. 206, 266 So.2d 763 (1972). The Court in *Soules* cited with approval the following explanation from Couch on Insurance, 2d Ed. Vol. 13, Sec. 49:328:

> Notice as soon as practicable in a policy covering liability for personal injury and property damage means within a reasonable time and what is a reasonable time depends upon the facts and circumstances of the case. 288 Ala. at 171, 258 So.2d at 879.

*See also Stonewall Insurance Co. v. Lowe,* 291 Ala. 548, 284 So.2d 254 (1973). The Court in *Soules* also cited with approval the following passage from Appleman, Insurance Law and Practice, Vol. 8, sec. 4734:

> . . . Generally, the question of whether notice has been given without unnecessary and unreasonable delay is one of fact for the jury, although under proper circumstances it may become a question of law. 288 Ala. at 171, 258 So.2d at 879.

■ The plaintiff, Truck Insurance Exchange, asserts in its brief that the issue of the reasonableness of notice in this case is a question of fact for determination by a jury. However, Truck Insurance Exchange has presented no facts from which a jury could reasonably conclude that its notice to St. Paul, given on the eve of trial, nineteen months and twenty-three days after the accident, was reasonable under the circumstances of this case.[6] We therefore find, as a matter of law, that the unexplained failure of the plaintiff, Truck Insurance Exchange (or American Security) to notify St. Paul concerning the accident until nineteen months and twenty-three days after its occurrence is a breach of the policy of insurance and, under Alabama law, releases St.

---

**5.** 288 Ala. at 170–171, 258 So.2d at 872 *citing Young v. Travelers Insurance Co.,* 119 F.2d 877 (5th Cir. 1941).

**6.** Indeed, in its answer to the defendant's motion for summary judgment, plaintiff, Truck Insurance Exchange, states that:

For purposes of this Motion only it is conceded that in and of itself, a failure to give notice by a named insured prior to the expiration of 19 months and 23 days following an accident might be grounds under the law of Alabama to constitute a violation of the Insurance Pol-

Paul from obligation under the policy.[7] Although Alabama law makes a factual distinction between a named insured under an insurance policy and an unnamed additional insured who is claiming under an insurance policy, *see American Liberty Insurance Co. v. Soules*, 288 Ala. 163, 258 So.2d 872 (1972); *Royal Indemnity Company v. Pearson*, 287 Ala. 1, 246 So.2d 652 (1971), plaintiff, Truck Insurance Exchange, has offered no explanation excusing its failure to notify St. Paul until the eve of the trial. Furthermore, Truck Insurance Exchange has offered no explanation as to why it waited more than fifteen months after the accident had occurred to ascertain Morgan's insurance carrier. There is no claim that Truck Insurance Exchange was unaware that Morgan was insured,[8] or that it was misled in any way as to Morgan's coverage. See *American Liberty Insurance Co. v. Soules, supra.* This is not a lawsuit between an insurance company and an unsophisticated policyholder. *Stonewall Insurance Co. v. Lowe*, 291 Ala. 548, 551, 284 So.2d 254, 255 (1973). Here, the plaintiff, Truck Insurance Exchange, is an insurance company in the business of writing the same type of insurance as St. Paul, the defendant. We therefore hold that the notice given by Truck Insurance Exchange was not given "as soon as practicable" and therefore St. Paul is released from any obligation to American Security under the policy it issued to Morgan.

■■■ Furthermore, Truck Insurance Exchange is also precluded from recovery under the terms of the policy, quoted above, which excludes coverage to any organization required to carry liability insurance by a motor law. We are, of course, cognizant that the provision excluding as an insured any organization required to carry liability insurance under any motor carrier law because of transporting property for others is an exclusion or exception to policy coverage and that such clauses must be construed most strongly against the company that drew the policy and issued it. *American National Insurance Co. v. Hammett*, 26 Ala. App. 552, 163 So. 461 (1935); *American Liberty Insurance Co. v. Soules*, 288 Ala. 163, 170, 253 So.2d 872, 878 (1972); *Fidelity and Casualty Company of New York v. Landers*, 283 Ala. 697, 220 So.2d 884 (1969). It is also the rule in Alabama that ambiguous insurance policies are construed against the insurer and in favor of the insured. *Green v. Merrill*, 293 Ala. 628, 308 So.2d 702 (1975); *North River Ins. Co. v. Jackson*, 278 Ala. 604, 179 So.2d 731 (1965); *Trans-Continental Mutual Ins. Co. v. Harrison*, 262 Ala. 373, 78 So.2d 917 (1955). However, since the wording of this clause is clear and unambiguous, there is no need for interpretation and this Court may not disregard the express language of the policy. *Aetna Insurance Co. v. Pete Wilson Roofing & Heating Co., Inc., 289 Ala. 719, 272 So.2d 232 (1972);* Central Mutual Insurance Co. v. *Royal, 269 Ala. 372, 113 So.2d 680 (1959);* Northam v. Metropolitan Life Ins. Co., *231 Ala. 105, 163 So. 635 (1935). It is uncontradicted that the motor vehicle involved in the accident underlying this lawsuit was being operated in interstate commerce and that the rules and regulations of the Interstate Commerce Commission, quoted above, require such a vehicle to be covered by liability insurance. Therefore, the policy rider specifically excluded coverage to the truck leased to American Security and for which Truck Insurance Exchange provided coverage.*

icy Notice Provision sufficient to preclude recovery.

7. *See Standifer v. Aetna Casualty & Surety Co.,* 319 F.Supp. 1385 (N.D.Ala.1970).

8. In *American Liberty Insurance Co. v. Soules,* the Supreme Court of Alabama cited with approval the following passage from Couch on Insurance, 2d Ed. Vol. 14, Sec. 49:424:

Ignorance of the existence of the policy generally frees a claimant from the limitation contained therein for filing proofs of loss and he is entitled to file such proofs within a reasonable time after learning of the existence of the policy and obtaining possession of it. 288 Ala. at 171, 258 So.2d at 879.