Mr. Lugean L. Chilcote, FAIA President, Arkansas State Board of Architects 1515 Building, Suite 512 Little Rock, AR 72201
Dear Mr. Chilcote:
This is in response to your request for an opinion on the following question:
 Can an engineer design and prepare drawings and specifications for a building project designed for human occupancy or habitation?
It is my opinion that the answer to this question is, generally, "no" if the building project is in fact designed for human occupancy or habitation.[1] This latter determination will require a factual review in each instance.
It must be initially noted in this regard that there is no Arkansas appellate court ruling addressing the question of the extent to which the "practice of engineering" and the "practice of architecture" overlap under our statutes. Although the overlapping nature of the two professions has been addressed in other jurisdictions (see 82 A.L.R.2d 1026 (1962 and Supp. 1990)), the question in each instance involves permissible conduct under the states' respective statutes. The cases turn on their particular facts including, most importantly, the specific statutory language. The Arkansas statutes must, I believe, be measured, in the words of the Arkansas Supreme Court, "by the yardstick of the statutory language." Arkansas State Board ofArchitects v. Bank Bldg. Equipment Corp. of America,225 Ark. 889, 896, 286 S.W.2d 323 (1956).
Reference must therefore initially be made to the Arkansas Code definitions of "practice of architecture" and "practice of engineering." Subsection (5)(A) of A.C.A. § 17-14-102 (Supp. 1993) states:
 `The practice of architecture' means the provision of or offering to provide those services hereinafter described, in connection with the design and construction, enlargement, or alteration of a building or group of buildings and the space within and surrounding such buildings, which are designed for human occupancy or habitation. The services referred to include planning, providing preliminary studies, designs, drawings, specifications, and other technical submissions, and administration of construction contracts.
Subsection (5)(B) of this section states that the practice of architecture "shall not include the practice of engineering as defined in the Arkansas Engineering Act, § 17-27-101 et seq. . . ."See also A.C.A. § 17-14-302(a)(1) (Repl. 1992) (exempting professional engineers from the Arkansas Architectural Act, "but only insofar as concerns work incidental to engineering practice and as the scope of their entrance-to-practice examination . . . proves competency. . . .")
The "practice of engineering" is defined under A.C.A. §17-27-101(3)(A) (Supp. 1993) as:
 `Practice of engineering' means any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge in the mathematical, physical, and engineering sciences to services or creative work such as consultation, investigation, evaluation, planning, and design of engineering works and systems relating to the use of air, land, water, municipal and regional planning, forensic services, engineering teaching of advanced engineering subjects or courses related thereto, engineering surveys, and the inspection of construction for the purpose of assuring compliance with drawings and specifications, any of which embraces service or work, either public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, or projects including such architectural work as is incidental to the practice of engineering.
While it may reasonably be concluded from these definitions that the "practice of engineering" can involve planning and design in connection with buildings, it is my opinion that the preparation of plans and specifications for a building project will likely fall within the "practice of architecture" where the services required involve the design of the project for human occupancy or habitation. It must be concluded from the language of our statutes that unlike the legislatures in some other states,[2] our General Assembly has maintained a distinction in this regard between the two professions. My review indicates that our statutes are distinguishable in several respects from those in other jurisdictions wherein the courts have essentially found no statutory distinction between the services which may be legally rendered by a licensed engineer and an architect in connection with the planning and design of buildings. See, e.g., The Georgia Assoc. of the AmericanInstitute of Architects v. Gwinnett Co., 238 Ga. 277,233 S.E.2d 142 (1977) (holding that the design and supervision of a fire station is permitted to both professional engineers and architects); Jones v. Spindel, 128 Ga. App. 88, 196 S.E.2d 22
(1973) (upholding engineer's judgment for conversion of his plans for multi-family housing); State of Alabama v. Jones,289 Ala. 353, 267 So.2d 427 (1972) (holding that an engineer who designed various types of buildings had engaged in the practice of engineering within contemplation of the statutes); Verich v.Florida State Board of Architecture, 239 So.2d 29 (Fla.Ct.App. 1970) (holding that a registered professional engineer could plan and design and supervise construction of a shopping center as a professional engineer); Sardis v. State of Nevada, 85 Nev. 585,460 P.2d 163 (1969) (concluding that a structural engineer certified under the Engineer's Act to design buildings is exempt from the Architect's Act).
The statutes in each of these cases were for all intents and purposes identical in defining the "practice of engineering" to include "planning, design, and supervision of construction . . . in connection with any . . . buildings. . . ." State of Alabamav. Jones, 289 Ala. at 357. The Alabama Supreme Court thus concluded, in a decision reflective of the others, that "the Codal provisions regulating the professions of architecture and engineering are overlapping, and while attempting to distinguish practice of the two professions have, by the wording of the statutes defining the practice of the two professions created only distinctions without differences. . . . Each relates to the application of professional knowledge to the planning and designing of structures, and supervising the erection thereof."289 Ala. at 357. The Alabama court, noting the similarity in their statutes, quoted from the Florida case of Verich v.Florida State Board of Architecture, supra, wherein the court stated that "the practice of professional engineering expressly includes the planning and design of buildings and the supervision of their construction." 239 So.2d at 31.
The relevant Arkansas Code provisions are, I believe, significantly different from the statutes at issue in the above cases wherein the courts found that the licensed professional engineer is in essence placed on an equal footing with the architect insofar as planning, designing and supervising the construction of buildings is concerned. Although the Arkansas definition of "practice of engineering," supra, includes "service or work, either public or private, in connection with any . . . buildings," it must be noted that this language follows the preceding listing of "services or creative work such as investigation, evaluation, planning, and design of engineering works and systems. . . ." The definition thus recognizes that services or creative work such as planning and designing engineering systems may embrace, i.e., include, "service or work . . . in connection with . . . buildings. . . ." This is, in my opinion, distinguishable from those statutes which expressly include "planning, designing, or responsible supervision of construction or operation, in connection with any . . . buildings. . . ." See Georgia Code Ann. § 84-2103(b).
The inclusion of the phrase "including such architectural work as is incidental . . ." at the end of the definition may also be cited in support of the proposition that the planning and design of buildings, generally, is not emphasized or expressly authorized under our definition of the "practice of engineering." It appears that the Arkansas statue also differs in this regard from the other jurisdictions cited above.
Significance must also attach, by way of comparison, to the fact that the Arkansas Code definition of "the practice of architecture" expressly includes services in connection with the design of buildings "which are designed for human occupancy or habitation." A.C.A. § 17-14-102(5)(A) (Supp. 1993). This also distinguishes Arkansas from the jurisdictions addressed above, and compels me to conclude that a distinction has been maintained between the two professions in this regard. Indeed, the possibility of such a "line of demarcation" was noted by the Florida District Court of Appeal in Verich v. Florida StateBoard of Architecture, supra, as follows:
 Appellee contends that the statutory definition of `professional engineering' by necessary implication has reference to `buildings' of an industrial nature designed primarily to house machinery and equipment rather than designed primarily for habitation or occupancy of humans. Admittedly, such a qualification as to the type of buildings upon which professional engineers were authorized to plan and supervise construction would help preserve a line of demarcation between the two professions consistent with generally accepted concepts.
239 So.2d at 31.
Such a line of demarcation has, in my opinion, been maintained under our statutes. See also Reference Manual for BuildingOfficials and Design Professionals (Jan., 1992) at 4 (stating that "[u]nless exempted . . ., plans and specifications for buildings to be constructed in the State of Arkansas which have as their principal purpose human habitation or occupancy must be prepared by an architect duly licensed and registered to practice in this state.") It is my opinion that the "practice of engineering" in Arkansas cannot, as a general matter, be construed to include the planning and design of buildings for "human occupancy or habitation" in light of § 17-14-102(5)(A). Although this Code section provides that the practice of architecture "shall not include the practice of engineering . . ." (§ 17-14-102(5)(B)), it must also be recognized that the Code provisions pertaining to engineers "shall not be construed to amend in any manner the Arkansas Architectural Act, § 17-14-101et seq." A.C.A. § 17-27-104 (Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This also assumes that there is no applicable exemption under A.C.A. § 17-14-302(a)(4), (b) or (c) (Repl. 1992).
[2] According to one publication of the National Society of Professional Engineers, "the vast majority of state engineering licensing statutes includes provisions that specifically identify the `design of buildings and structures' as a permissible area of practice for licensed professional engineers." "An NSPEDiscussion Paper: Engineering Licensing Laws and The Design ofBuildings" (Jan., 1994, Publ. #1727) at 5.